IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION

PRUDENTIAL INSURANCE COMPANY    )
OF AMERICA,                     )
                                )
               Plaintiff,       )
                                )
     v.                         )    No.  11 C 6770
                                )
MICHELLE E. CUNNINGHAM, etc.,   )
et al.,                         )
                                )
               Defendants.      )

                        MEMORANDUM ORDER

    Michelle Cunningham ("Cunningham") has filed her Answer to Complaint in Interpleader in response to this action brought by Prudential Insurance Company of America ("Prudential") against her individually and as guardian of her three minor children. This memorandum order is issued sua sponte because of some problematic aspects of that responsive pleading.

    To begin with, this Court is constantly amazed by the number of lawyers who disregard the plain path marked out by Fed. R. Civ. P. ("Rule") 8(b)(5) as the predicate for obtaining the benefit of a deemed denial of a plaintiff's allegations.  Here Cunningham's lawyer has inexplicably strayed from that path in Answer ¶¶1, 5, 18 and 19 and then compounds that error by denying Prudential's corresponding allegations in those paragraphs.

    That is of course oxymoronic--how can a party that asserts (presumably in good faith) that it lacks even enough information to admit or deny the truth of an allegation then proceed to deny

it anyway? That flouts counsel's responsibilities under Rule 11(b). Accordingly those denials are stricken wherever they appear in the Answer.

Another problem is posed by Answer ¶8, which follows Cunningham's admission that a true and correct copy of the beneficiary designation at issue in this litigation is attached as Complaint Ex. A by going on to "den[y] any allegation of Paragraph No. 8 that is contrary thereto." Notice pleading in the federal system is incumbent on defendants as well as plaintiffs, and that purported denial tells the reader nothing about what Cunningham or her counsel view as "contrary" to the straightforward allegations of Complaint ¶8.

All of the flawed responses identified in this order are stricken, and Cunningham's counsel are granted leave to file a curative amendment on or before October 24, 2011. No charge is to be made to Cunningham by her counsel for the added work and expense incurred in correcting counsel's errors. Cunningham's counsel are ordered to apprise their client to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

_____
Milton I. Shadur
Senior United States District Judge

Date: October 12, 2011