```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                     EASTERN DIVISION
```

The Prudential Insurance Company )
of America, )
 )
              Plaintiff, )
 )
    v. )    No. 11 C 6770
 )
Michelle E. Cunningham, etc., )
et al. )
 )
            Defendants. )

MEMORANDUM OPINION AND ORDER

This interpleader action by Prudential Insurance Company of America ("Prudential") should really have been headed off at the pass -- indeed, just a little thought coupled with a reasonable approach by both Prudential and defendant Michelle E. Cunningham ("Michelle") might have obviated the need to bring suit at all. This memorandum opinion and order explains why that is so.

Briefly, Michelle's late husband Peter committed an obvious layman's blunder in filling out the beneficiary designation for the life insurance coverage provided to him by a group plan adopted by the City of Chicago. In that April 24, 2007 form Peter designated Michelle and their three minor daughters as equal primary beneficiaries, but in the column of the form headed "Percentage Share" he inserted 100 opposite each of the

four names.[1]

Leave aside for a moment any legal labels such as "ambiguity." It is painfully apparent that Peter's intent was that each of the four family members was to receive an equal share of the insurance proceeds (25% each), rather than his attempting to soak Prudential with quadruple liability by its having to pay the full policy proceeds to each of the four.

Where the parties then parted company was in Prudential's insistence that a formal guardianship estate had to be opened for each of the three children, while Michelle balked by pushing for a payment of the full policy proceeds to her, with her then being accountable to each of her daughters for a one-fourth share of that total. Although this Court left the general practice of law more than three decades back, even then its immediate thought would have been to cut the gordian knot by making use of the Illinois Uniform Transfers to Minors Act.

Unsurprisingly, that statute remains in force today (760 ILCS 20/3 to 20/6), but that obvious potential solution did not emerge until Prudential suggested it as an alternative in response to this Court's October 14 memorandum order directing each of the litigants to tender a memorandum in support of its or

---

[1] As if that alone did not reveal Peter's inability to deal with the form properly, he also filled in the column captioned "Social Security No." by instead listing the family <u>address</u>, 8175 Hoyne, for each of the four beneficiaries.

her position. This Court sees no reason why that alternative should not be welcomed with alacrity by Michelle, and if so, it is expected that the parties can implement that resolution by the time of the next scheduled status hearing date (November 18, 2011).

That leaves only the question of an allowance of attorney's fees to be paid to stakeholder Prudential. This Court sees nothing to commend Michelle's position that no allowance should be paid at all, but on the other hand what has been said here confirms that the matter could and should have been resolved with a good less effort on the part of Prudential and its counsel. Both sides are encouraged to confer with a view toward the possible presentation of a joint position on the subject of fees at that next status hearing.

_____
Milton I. Shadur
Senior United States District Judge

Dated:    November 2, 2011